IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL DISTRICT
OF BOLIVAR COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| **LINDA ROBINSON** | | **PLAINTIFF** |
| **VS.** | | **CAUSE NO.: 2017-0074** |
| **NORTH BOLIVAR CONSOLIDATED SCHOOL DISRICT** | | **DEFENDANT** |

FILED FEB 06 2019 BOLIVAR COUNTY, MS MARILYN L. KELLY, CIRCUIT CLERK BY_____ D.C.

### AMENDED COMPLAINT

COMES NOW Plaintiff, Linda Robinson, by and through counsel, and files this her Amended Complaint for breach of contract, deprivation of constitutional rights and other relief against the Defendant, North Bolivar Consolidated School District ("NBCSD"), and in support hereof would respectfully show unto the Court the following, to-wit:

### I. PARTIES

1. That the Plaintiff is adult resident citizen of Cleveland, Bolivar County, MS.

2. That Defendant NBCSD is a political subdivision of the State of Mississippi organized to act as a public school district pursuant to Art. 8, §201 of the Miss. Constitution. Defendant's chief responsibility is the provision of public education for the children in the former Mound Bayou and North Bolivar school districts now consolidated as NBCSD. Defendant NBCSD has existed for approximately four

1


EXHIBIT 1

(4) years and is overseen by a board of trustees consisting of five (5) members who consistently meddled in the day-to-day operations of NCBSD. Defendant may be served with process of this Court by service on its superintendent, Maurice Smith, at 201 Green Street, Mound Bayou, MS.

## II. JURISDICTION AND VENUE

3. That all of the acts and violations complained of herein occurred in the Second Jurisdiction District of Bolivar County MS and Defendant is domiciled in said judicial district. Therefore, jurisdiction and venue are proper in the Second Judicial District of Bolivar County, MS.

## III. STATEMENT OF THE FACTS

4. That on July 1, 2016, Defendant employed Plaintiff as interim superintendent. Plaintiff performed the position as interim superintendent in an admirable manner and met all the requirements set by the Board of Trustees for Defendant as interim superintendent.

5. That as a result of Plaintiff's successful tenure as interim superintendent, and after being thoroughly and completely evaluated by the Board using the goals and objectives approved by the Board, the Board voted to employ Plaintiff as permanent superintendent effective January 1, 2017, for two(2) years, January 1, 2017 – December 31, 2010, at an annual salary of $115,000.00 "… and for successive [future] periods as may be from time to time agreed upon by the Parties

2

in writing." A copy of said contract is attached as Exhibit "1" and made a part hereof as if fully copied herein.

6. That Plaintiff perform the position of Superintendent for NBCSD amidst the meddling and interference of Board members for NBCSD in the day-to-day operations in violation of State law.

7. Board members demanded that Plaintiff employ their relatives and friends, make certain purchases and terminated employees who Board members believe were not loyal to them.

8. That Plaintiff had a valid employment contract with Defendant yet the Board terminated Plaintiff effective June 20, 2016, without granting Plaintiff a pretermination hearing in violation of her rights under both the Mississippi and United States Constitutions. Further, Defendant acknowledged that Plaintiff had requested a pretermination hearing in its letter of June 23, 2016, notifying Plaintiff that she was terminated effective June 20, 2016, stating that "pursuant to the statute [Miss. Code Ann. §37-9-59] and your request made in your letter, a hearing will be scheduled thirty (30) days from the date of your letter." See, Exhibit " 3".

9. That the Board never cited Plaintiff for inadequate performance or misconduct, placed her on an improvement plan or evaluated her as required by the contract (See, Exhibit "1", ¶4) yet on or about June 19, 2017, Plaintiff was placed on "indefinite suspension" by the Board and wrongfully denied a hearing during

the suspension. The Board's notice of suspension was contained in a letter written by the newly appointed attorney for the Board. A copy of the letter is attached as Exhibit "2" and made a part hereof as if fully copied herein.

10. That on June 23, 2017, Plaintiff received a letter from the Board attorney for Defendant informing her that she had been dismissed as Superintendent with NBCSD as of June 20, 2017. A copy of the letter is attached as Exhibit "3" and made a part hereof as if fully copied herein.

11. That the Board attorney stated in the letter, Exhibit "3", the Plaintiff's termination is due to your incompetence, gross negligence, malfeasance in office, and for other good cause..." none of the facts to support such allegations was made known to Plaintiff prior to or subsequent to the Board's decision to terminate her and deprive her of the benefit of her contract.

12. That Defendant acknowledged in the letter, Exhibit "3", that Plaintiff had requested a hearing in writing pursuant to the above statute [Miss. Code Ann. §37-9-59] and your request made in your letter, a hearing will be scheduled thirty (30) days from the date of this letter...yet no such hearing was ever scheduled by Defendant despite Plaintiff's demand for a hearing.

13. That the letter [Exh. 3] dated June 23, 2016, further informed Plaintiff that she was being terminated by Defendant NBCSD effective June 20, 2016.

14. That the termination was in retaliation for Plaintiff requesting a hearing in

4

the exercise of her rights under the constitutions of the State of Miss. and the United States.

15. That on July 7, 2017, the Board attorney once again assured Plaintiff that the hearing would be scheduled in writing in an email stating that "as I stated in my earlier email, we are scheduling your termination hearing." A copy of the July 7, 2017, email is attached hereto as Exhibit "4" and made a part hereof as if fully copied herein. Once again no hearing was scheduled as promised by the Board's attorney.

16. That on August 7, 2017, the Board attorney, acknowledged that Defendant arbitrarily continued the July 21, 2017, hearing scheduled for Plaintiff in this cause and has never scheduled a hearing as required by law. A copy of the August 7, 2017, letter is attached as Exhibit "5" and made a part hereof as if fully copied herein.

17. That Defendant has never granted Plaintiff a hearing to enable her to respond to the false allegations alleged by the Board to vindicate her rights and/or clear her name and restore her reputation.

18. That Plaintiff as a employee under contract, was entitled to a hearing before being terminated by Defendant as required by the Due Process Clause of the 14th Amendment to the United States Constitution. See also, *Greene v. Greenwood Public School District.*

19. That Defendant failed to provide Plaintiff a hearing as required by the due process clause and that the same entitles Plaintiff to relief under 42 U.S.C. §1983 and Art. 3, §14 of the Miss. Constitution. See, *Greene v. GPSD*, 890 F. 3d 240 (5th Cir. 2018; *Jones v. Alcorn State Univ.*, 120 So. 3d 848, 452 (¶10) (Miss. Ct. App., 2013).

20. Plaintiff has a property right in her contract at least through June 30, 2017 and the right to apply for a new contract by February 1, 2017, under Miss. Code Ann. §37-9-104.

21. More specifically, Defendants, while acting under color of state law, terminated Plaintiff's property rights in her contract without a hearing as required by the 14th Amendment.

22. Further, Plaintiff was not provided written notice by Defendant of its intent to terminate her as superintendent before February 1, 2017 as required by Miss. Code Ann. §37-9-104.

### IV. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

23. That Plaintiff restates and realleges ¶¶1-22 above and incorporates them within this Count by reference as if fully copied herein.

24. That Plaintiff had a valid contract with Defendant at the time of her termination with an expiration date of June 30, 2017.

25. That Defendant terminated Plaintiff's employment and cancelled the contract without justification in law or fact.

26. That the cancellation of the contract without justification in law or fact constitutes breach of contract entitling Plaintiff to damages.

27. That Plaintiff did not commit any act or omission to warrant the termination or cancellation of her contract by Defendant.

## COUNT II: DEPRIVATION OF PROPERTY RIGHTS

28. That Plaintiff restates and realleges ¶¶1-27 above and incorporates them within this Count by reference as if fully copied herein.

29. That at the time of her termination Plaintiff had a contract with Defendant with an expiration date of June 30, 2017.

30. That pursuant to Federal and Miss. law the interest Plaintiff had in said contract constitutes a property or financial interest and that pursuant to the 14th Amendment to the United States Constitution and Art. 3, §14 of the Miss. Constitution, said property right cannot be terminated without due process of law.

31. That Defendant violated the due process rights of Plaintiff, under Miss. Constitutions when it terminated Plaintiff's employment and cancelled her contract without extending to Plaintiff a hearing as required by law.

32. That as a result, Plaintiff is entitled to relief under 42 U. S. C. §1983 and

Art. 3, §14 of the Miss. Constitution.

## COUNT III: RESERVATION OF RIGHT

33. That Plaintiff restates and realleges ¶¶ 1-32 above and incorporates them within this Count by reference as if fully copied herein.

34. That Plaintiff reserves the right to add additional claims or causes of action that may be discovered during the pendency of this action.

## V. DAMAGES

35. That Plaintiff demands damages as follows:

A. Any and all damages proximately caused by Defendant's breach of contract;

B. Reasonable compensatory damages caused by the deprivation of property rights under the contract with Defendant;

C. Such other damages that the jury determines to be reasonable and just; and

D. Reasonable attorney's fees and cost for the violation of Plaintiff's rights under 42 U. S. C. §1988 and Art. 3, §14 of the Miss. Constitution plus all cost.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands trial by jury and judgment of and from Defendant in the amount of $ 1,000,000.00 plus

reasonable attorney's fees and cost.

RESPECTFULLY SUBMITTED, this the 28 day of January, 2019.

*[signature]*

WILLIE GRIFFIN, MS BAR # 5022
BAILEY & GRIFFIN, P.A.
1001 MAIN STREET
POST OFFICE BOX 189
GREENVILLE, MS 38702-0189
TELEPHONE (662) 335-1966
Email: wgriffinlawyer@aol.com

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I, Willie Griffin, attorney for Plaintiff, do hereby certify that I have this day served by mail, a true and exact copy of the above and foregoing document to:

>Lindsey Watson, Esq.
>Adams and Reese, LLP
>1018 Highland Colony Pkwy., Suite 800
>Ridgeland, MS 39157

CERTIFIED, this 17 day of January, 2019.

*[signature]*
WILLIE GRIFFIN

*Law Offices of*

**BAILEY & GRIFFIN, P.A.**
*Attorneys At Law*
*1001 Main Street*
*Greenville, Mississippi 38702-0189*

RECEIVED

Willie L. Bailey
Willie Griffin

Mailing address:
P. O. Box 189
Greenville, MS
Telephone:
(662) 335-1966
Facsimile:
(662) 335-1969

January 28, 2019

Mrs. Marilyn Kelly
Circuit Court Clerk
P. O. Box 670
Cleveland, MS 38732

    **RE:**   *Linda Robinson v. North Bolivar Consolidated School District; Cause No. 2017-0074*

Dear Ms. Kelly:

Pursuant to the Court's Order of January 17, 2019, enclosed please find for re-filing *Plaintiff's Amended Complaint* in the above-referenced cause numbered.

With best personal regards, I am.

Very truly yours,

WILLIE GRIFFIN

WG:cpd

Enclosure

cc:   Hon. Charles E. Webster, Circuit Judge
       Lindsey Watson, Esq., (*via email and mail*)
       Ms. Linda Robinson, (*via email*)