# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LINDA ROBINSON**                                                                                          **PLAINTIFF**

**V.**                                                     **NO. 4:19-CV-26-DMB-JMV**

**NORTH BOLIVAR CONSOLIDATED**
**SCHOOL DISTRICT**                                                       **DEFENDANT**

## ORDER DENYING REMAND

Before the Court is Linda Robinson's motion to remand. Doc. #7.

## I
## Procedural History

On September 29, 2017, Linda Robinson filed a complaint in the Circuit Court of Bolivar County against North Bolivar Consolidated School District. *See* Doc. #6-24 at 1. On November 2, 2018, after more than a year of litigation, Robinson moved for leave to file an amended complaint to "specifically assert a claim under 42 U.S.C. § 1983 for the taking of property and/or termination of a contract without due process of law …." Doc. #6-17 at 1. One week later, North Bolivar's counsel sent an e-mail to Robinson's counsel stating that North Bolivar did not oppose the motion to amend and that "[i]f you will prepare an order for us to approve as to form, we can get it before the Court, and hopefully avoid the need for a hearing." Doc. #7 at Ex. 3.[1] Ultimately, on January 22, 2019, the Circuit Court granted as unopposed Robinson's motion to amend. Doc. #6-19. Robinson filed her amended complaint, which includes a § 1983 claim, the same day.[2] Doc. #6-21.

On February 14, 2019, North Bolivar, alleging federal question jurisdiction based on the

---
[1] Contrary to this Court's local rules, this exhibit is part of the same document Robinson filed as her motion to remand. *See* L.U. Civ. R. 7(b)(2).

[2] On February 6, 2019, Robinson re-filed the amended complaint. *See* Doc. #2. The reason for this filing is unclear.

filing of the amended complaint, removed Robinson's state court action to the United States District Court for the Northern District of Mississippi. Doc. #1. Robinson filed a motion to remand on March 5, 2019. Doc. #7. North Bolivar responded in opposition to the motion on March 12, 2019. Doc. #11. Robinson replied on March 19, 2019. Doc. #13.

## II
## Analysis

Pursuant to 28 U.S.C. § 1446(b)(3), a notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In her motion to remand, Robinson does not dispute that this Court has jurisdiction over her amended complaint. *See* Doc. #7 at 2. Rather, she contends the removal was untimely because it was filed more than thirty days after her motion to amend. *Id*. North Bolivar argues the removal was timely because "it is the state court's order allowing the amendment that triggers the removal period." Doc. #12 at 2.

Case law on removability (and thus the trigger for removal) based on a proposed amended complaint which implicates federal jurisdiction is inconsistent. Most courts have conditioned removability on the *granting* of the motion to amend. *See Jackson v. Bluecross & Blueshield of Ga., Inc.*, No. 4:08-cv-49, 2008 WL 4862686, at *2 (M.D. Ga. Nov. 10, 2008) ("The majority rule appears to be that when a state-court plaintiff files a motion to amend a complaint to assert federal subject matter jurisdiction, a defendant cannot remove the case until the state court judge grants the motion to amend."). However, some courts have held the case becomes removable when the motion to amend is filed. *See, e.g.*, *Morrison v. Nat'l Ben. Life Ins. Co.*, 889 F. Supp. 945, 948 (S.D. Miss. 1995) ("Whether or not the lower court has approved Plaintiffs' Motions to Amend, the Motions certainly constitute other paper from which it may first be ascertained that the case is

one which is or has become removable.") (quotation marks omitted).  Others have required the amended complaint be filed or otherwise made effective.  *See McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 547 (E.D. Pa. 2011) ("Unless and until the state court grants Plaintiff's motion for leave to amend and that amended complaint becomes effective, the operative complaint in this matter—the First Amended Complaint—simply does not state a federal claim or otherwise give rise to federal jurisdiction.").

The relevant statutory language "speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).  Thus, "the better view … is that the time limit begins to run from the actual and effective amendment of the complaint." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409–10 (6th Cir. 2008).  Accordingly, a focus on the date the complaint was *actually* amended strikes this Court as the most correct approach.

There is no dispute the jurisdiction-triggering amended complaint here was filed (and thus effective)[3] on January 22, 2019, or that the notice of removal was filed less than thirty days later.  Accordingly, the notice of removal was timely and Robinson's motion for remand [7] is **DENIED**.

**SO ORDERED**, this 2nd day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] The Mississippi Court of Appeals has held that a motion to amend to add a claim before the expiration of the statute of limitations renders the proposed claim timely.  *Wilner v. White*, 788 So. 2d 822, 824 (Miss. Ct. App. 2001).  Beyond this limited exception, "[t]here is no authority for the proposition that the effective date of the amendment is measured from the time of the filing the motion seeking leave to amend. Rather, the date of filing of the amended complaint cannot be anything other than the date it was actually filed." *Id*. at 824–25 (McMillin, C.J., dissenting).